**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **CHARLES L. ORGAIN** ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | No. 3:13-0648 |
| ] | Judge Campbell |
| **TENNESSEE DEPARTMENT OF** ] | |
| **CORRECTION, et al.** ] | |
| Defendants. ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Tennessee Department of Correction and the Tennessee Board of Probation and Parole, seeking injunctive relief.

The plaintiff alleges that the defendants have miscalculated the time it will take for him to flatten out his sentence. More specifically, the plaintiff claims that he is entitled to an additional credit of five hundred fifty five (555) days towards the completion of his sentence.

In essence, the plaintiff is asserting that he is entitled to a shorter term of incarceration. An action under 42 U.S.C. § 1983, however, is not the appropriate vehicle to pursue such a claim. Rather, when a state prisoner seeks an immediate or speedier

1

release from custody, he must pursue his claims in an action for federal habeas corpus relief. Preiser v. Rodriquez, 411 U.S. 475 (1973).

Given the liberal standard of review for *pro se* pleadings, this Court could convert plaintiff's 42 U.S.C. § 1983 complaint to a habeas corpus petition. *See* Haines v. Kerner, 404 U.S. 519 (1972). However, a great deal of information is required for a habeas corpus petition that is not supplied in a 42 U.S.C. § 1983 complaint. Rules Governing § 2254 Cases. In addition, a habeas corpus petitioner is required to exhaust state court remedies before seeking relief in the federal courts. Rose v. Lundy, 455 U.S. 509 (1982). In this regard, there has been no showing that the plaintiff has ever presented his claim to the state courts for review prior to the filing of this complaint. Therefore, it would not be appropriate for the Court to treat the instant complaint as a habeas corpus petition at this time.

After careful review of the complaint, the Court finds that the plaintiff has no arguable basis in law or fact which would entitle him to § 1983 relief. The Court further finds that the complaint lacks sufficient information to justify its conversion to a habeas corpus petition. Consequently, this action is frivolous within the meaning of 28 U.S.C. § 1915(e)(2). Neitzke v. Williams, 109 S.Ct. 1827, 1832-1833 (1989).

A district court possesses the authority to dismiss frivolous actions. <u>Brooks v. Seiter</u>, 779 F.2d 1177, 1179 (6th Cir.1985). Accordingly, this action shall be dismissed without prejudice to the plaintiff's right to proceed with his claim via habeas corpus after exhausting all available state court remedies.

An appropriate order will be entered.

*Todd Campbell*
Todd Campbell
United States District Judge